RANDY S. GROSSMAN
United States Attorney
JAMES REDD
Missouri Bar No. 66172
james.redd@usdoj.gov
Assistant United States Attorney

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br>  v.<br><br>JUSTIN COSTELLO,<br><br>  Defendant. | Case No. 22-MJ-3667-DEB<br><br>**POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DETAIN PENDING TRIAL** |

On September 28, 2022, a federal grand jury in the Western District of Washington returned a 25-count indictment against Defendant Justin Costello. Doc. 1 at 4–40 (indictment). The 37-page indictment charges Costello with twenty-three separate counts of wire fraud and three additional counts of securities fraud and details the scheme and conduct through which Costello allegedly stole millions of dollars from banking clients and defrauded investors out of millions of additional dollars over a nearly five-year period.

Prior to seeking the current indictment, prosecutors in the Western District of Washington agreed with Costello's criminal defense attorney to allow Costello to self-surrender after an indictment had been returned. After the indictment was returned Costello's defense attorney informed prosecutors in the Western District of Washington that Costello was in Palm Springs, California and would turn himself in to the FBI's San Diego field office on September 29, 2022. Costello failed to do so.

Instead, federal authorities were required to spend significant resources tracking Costello to a remote area of El Cajon, California where he was taken into custody On October 4, 2022—approximately five days after his agreed self-surrender date. At the time of his arrest, Costello was found to be in possession of $60,000 in cash (banded in $10,000 increments), six one-ounce gold bars, multiple banking cards and check books, and a Washington state driver's license with his photo and the alias "Christian Joseph Bolter."

For the reasons set forth in this motion and to be further argued at the detention hearing, Justin Costello should be ordered detained because his is a serious flight risk and a danger to the community.

## LEGAL STANDARD

In determining whether Costello should be detained, the Court must consider (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including his character, physical and mental condition, family ties, employment and a variety of other factors; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. §3142(g)(1)–(4).

## ARGUMENT

<u>18 U.S.C. §3142(g)(1)—nature and circumstances of the offense</u>

As alleged in the indictment, Costello stole millions of dollars from banking clients and defrauded investors out of millions more dollars through outright false statements, including those relating to his own credentials. For example, Costello falsely claimed to defrauded investors that he:

- served in the United States armed forces and been wounded twice during two tours of duty in Iraq;
- managed more than $1 billion in financial assets and his clientele included a Saudi sheikh; and
- was a billionaire and had earned an MBA from Harvard Business School.

Doc. 1 at 19. Through this scheme, Costello stole approximately $3.7 million funds deposited by his clients and spent the money he stole for both personal expenses and to further other business ventures. *Id*. at 16. This factor weighs in favor of detention as it demonstrates Costello's willingness and ability to illegally procure significant financial assets for his personal use, which may include flight from prosecution, as demonstrated in connection with his arrest in this district.

<u>18 U.S.C. §3142(g)(2)—weight of the evidence</u>

This case charges financial fraud committed by Costello in a different district from 2017 through as recently as September 2022 (Doc. 1 at 4) and it is therefore impracticable to set forth all the evidence against Costello. For purposes of this Court's detention determination, the weight of the evidence is strong and heavily documented. By way of limited example, the indictment outlines that Costello covered his own fraud by lying to clients about using funds deposited with him to pay their state taxes and provided them false account statements. *E.g.*, Doc. 1 at 11, 16.

The investigation of Costello's fraud demonstrates that Costello has similarly—***and recently***—falsely represented to a federal court the to conceal his fraud. One of Costello's clients sued him in the United

2

1  States District Court for the Northern District of California to recover lost funds. *CCSAC, Inc. et al. v.*
2  *Pacific Banking Corp. et al.*, No. 20-cv-2102 (N.D. Cal.). On September 15, 2022, Costello filed a
3  declaration—signed under penalty of perjury—falsely claiming that nearly $3 million of a client's funds
4  were held in an account at Sound Credit Union. Investigation revealed the actual balance in that account
5  was only $15.35. Doc. 1 at 9–16.
6        The indictment lists almost 30 investors that Costello defrauded out of approximately $6 million. Doc.
7  1 at 19–28. As described above, Costello used false information about himself to further his fraudulent
8  scheme, which required these numerous victims entrusting funds to him for investment, and into invest in
9  funds in companies he controlled. Costello lied about his education, his military service, his personal
10 wealth, his clients, his status as a licensed investment manager, and his experience as a money manager.
11 Costello falsely claimed that two "[l]ocal titans" of the Seattle business community were "supporting" him.
12 Doc 1 at 19–20.
13       The weight of the evidence is strong and strongly supports detention as it not only demonstrates that
14 the case against Costello in the Western District of Washington is strong, but also demonstrates the duration
15 and scope of Costello's fraud that has allegedly resulted in him taking millions of dollars. Further, evidence
16 of Costello's recent attempts to perpetuate his fraud include misrepresentations in federal court, which
17 taken together with Costello's post-indictment flight, counsel in favor of this Court detaining Costello. The
18 weight of the evidence is significant to the incentive for Costello to flee for the additional reason that the
19 sentencing guidelines for the charges against Costello are estimated to include a custodial sentence of 324–
20 405 months.
21       <u>18 U.S.C. §3142(g)(3)—history and characteristics</u>
22       Prior to presenting an indictment in this case, the Western District of Washington's United States
23 Attorney's Office told Costello's attorney that he was under investigation and would be charged.
24 Costello's attorney asked that Costello be allowed to self-surrender and the prosecution agreed.
25       Costello was indicted and an arrest warrant was issued on September 28, 2022. That day, an AUSA in
26 the Western District of Washington and an FBI agent called Costello's attorney and told him that Costello
27 would have to surrender the next day. Costello's attorney called back after consulting with Costello and
28 advised the prosecution that Costello was in Palm Springs, California and would surrender at 9:00 a.m. the

next day to the FBI in San Diego. Costello's attorney made no mention of Costello having a stroke or any other possible health problems.

The Western District of Washington AUSA sent another email to Costello's attorney on September 28 and advised that Costello should surrender at 7:00 a.m. to make sure that Costello made the initial appearance calendar and was not held in custody overnight. Costello's attorney said that he had passed the message along to Costello. The FBI later learned, Costello talked to several people by phone that night and told them that he would surrender. According to those people, Costello did not mention any health problems.

Costello did not surrender on September 29, 2022 and became a fugitive. Exhibit 1 (FBI fugitive flyer). The FBI tried to track Costello by his known cell phone numbers but were unsuccessful. It is believed Costello took countersurveillance measures to prevent being tracked on devices registered to those numbers. The FBI was able to track Costello through location information received from the theft recovery service for the Alfa Romeo vehicle he was driving.

The FBI SWAT team tracked Costello's Alfa Romeo to a remoted area in El Cajon, California. Agents saw Costello walking around with a backpack. The agents arrested Costello, who stated he was surprised agents had found him because he had turned his phone off. Costello stated he did not turn himself in because he had recently had a stroke and needed to recover. Costello said that he could have outrun the SWAT agents but for the stroke. Costello admitted that he was the person charged in the Indictment and encouraged agents to "Google" him so they could read about the case.[1] An inventory search revealed Costello's backpack contained resources that aid in fleeing prosecution, including:

- $60,000 in U.S. currency;
- $12,000 in gold bars;
- $10,000 in Mexican pesos;
- the receipt for a pre-paid phone number; and
- a driver's license with Costello's photograph, in the name of Christian "Bolter".

---

[1] Costello was likely referring to the very significant media coverage of both his criminal charges and subsequent flight from prosecution. *See, e.g.,* Dan Mangan, "Fugitive Justin Costello arrested in alleged $35 million fraud based on 'mirage' of being billionaire, Harvard MBA, Iraq veteran", CNBC, October 5, 2022, available at https://www.cnbc.com/2022/10/05/man-claimed-to-be-billionaire-harvard-mba-iraq-vet-in-financial-fraud.html (las accessed October 10, 2022).

Exhibit 2 (image of backpack contents).

The FBI learned that the gold in the backpack was part of a larger amount of gold, worth $94,000, the Costello bought from a jeweler in April—using money he had stolen from a banking client. The FBI is continuing to investigate and trace the remaining gold and other proceeds. The gold purchase is one of several steps that Costello took in preparation to prepare for his apparent plan to live without detection by law enforcement, if not flee law enforcement entirely. As another example, investigators observed that as of mid-September Costello stopped using his only known personal bank account for his personal expenses, and instead used multiple corporate accounts.

For all the foregoing reasons, Costello' history and characteristics demonstrate he knowingly fled from law enforcement in connection with this case and, moreover, clearly has the means and desire to flee prosecution if released pending trial in his Western District of Washington criminal case.

18 U.S.C. §3142(g)(4)—danger to the community

Costello is also a danger to the community. In addition to defrauding nearly 30 victims out of approximately $6 million, Costello has had police contact involving threats and violence. Specifically, in September 2019, Costello was arrested and charged in Snoqualmie, Washington with intimidating a witness and failing to comply. According to that police report, Costello made numerous threats to civilian witnesses and law enforcement concerning Costello referring to his financial wherewithal and paying for third parties to harm witnesses and cause financial repercussions to police if he was arrested. For those reasons, and those that will be further argued at the detention hearing, Costello should also be detained on the basis that his release pending trial would pose a danger to the community.

## CONCLUSION

For the foregoing reasons, the Court order Justin Costello should be ordered detained.

Respectfully submitted,

RANDY GROSSMAN
United States Attorney

/s/ James Redd
James Redd
Assistant United States Attorney

5