# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  v.<br><br>JUSTIN COSTELLO,<br><br>  Defendant. | Case No. 22MJ3667-DEB<br><br>**<u>DETENTION ORDER</u>** |

In accordance with section 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 *et seq.*), a detention hearing was held on October 18, 2022, to determine whether the individual charged as Justin Costello ("Defendant"), should be held in custody pending trial on the grounds that he is a serious flight risk and a danger to the community. At the detention hearing, Assistant United States Attorney James Redd appeared on behalf of the United States, and Cindy Muro of Federal Defenders of San Diego, Inc. appeared on behalf of Defendant.

Based on the allegations set forth in the underlying indictment filed in the Western District of Washington, evidence proffered by the United States both in its filing in support of its detention motion and during argument at the detention hearing, and the evidence proffered by the defense at the detention hearing, the Court concludes that: (1) the United

States demonstrated by a preponderance of the evidence that Defendant is a serious flight risk and that no condition or combination of conditions will reasonably assure Defendant's appearance; and (2) the United States has demonstrated by clear and convincing evidence that Defendant is an economic danger to the community and that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

## I.

## FINDINGS OF FACT

A.  <u>Nature and Circumstances of the Offense Charged, 18 U.S.C. § 3142(g)(1)</u>

1. Defendant is charged in a 37-page, 25-count indictment filed in the Western District of Washington. The indictment charges Defendant with twenty-two counts of wire fraud in violation of 18 U.S.C. §§ 1343 and 2, as well as three counts of securities fraud, in violation of 5 U.S.C. §§ 78j(b) and 78ff and 17 C.F.R. § 240.10b-5.

2. The indictment alleges that over a multiyear period, Defendant engaged in illegal schemes resulting in the receipt of millions of dollars in deposits and investments by entities Defendant owned and controlled. In addition to obtaining those deposits and investments through the illegal means alleged in the indictment, it is further alleged that Defendant misappropriated the funds and provided false documentation to avoid detection of that misappropriation. The conduct alleged in the indictment involved Defendant's long-term use of financial markets and institutions to both obtain and use funds as part of the scheme. It is also alleged that Defendant used social media sites to coordinate messaging about publicly traded securities for the purpose of manipulating the price for Defendant to profit.

3. The indictment also alleges multiple omissions and misrepresentations made by Defendant for the purpose of obtaining money from clients and investors. Those alleged misrepresentations concerned the business prospects for entities owned and controlled by Defendant as well as misrepresentations concerning Defendant's education, professional background, financial assets, and prior military service. The indictment alleges Defendant

made such misrepresentations through public regulatory filings and through direct presentations to investors.

    4.   The indictment alleges Defendant's conduct caused several million dollars in losses to more than 30 victims. If convicted of the charges in the indictment, the United States estimates Defendant's sentencing guidelines will include a custodial term of approximately 324–405 months.

    B.   <u>Weight of the Evidence Against Defendant, 18 U.S.C. § 3142(g)(2)</u>

    5.   The weight of the evidence is strong. The allegations in the indictment are extensive and detailed. For example, the indictment identifies specific wire transactions, agreements, public disclosures, and social media messaging—all in support of the allegations. The Court does note this factor is given the least weight in the detention determination.

    C.   <u>History and Characteristics of Defendant, 18 U.S.C. § 3142(g)(3)</u>

    6.   The United States argued Defendant's history and characteristics demonstrate he is a serious flight risk. In support of its argument, the United States proffered that Defendant had previously met with prosecutors in the Western District of Washington and was aware of the nature of the investigation resulting in the indictment. The United States proffered that Defendant requested and was given a date to self-surrender on the federal arrest warrant issued based on the indictment in this case, and that Defendant failed to self-surrender on the agreed date.

    7.   The United States also proffered evidence that Defendant's failure to self-surrender prompted a federal fugitive investigation resulting in Defendant's apprehension in this district. Specifically, it was proffered that federal investigators tracked Defendant to an area in El Cajon, California where he was taken into custody on October 4, 2022 and, after being apprehended, Defendant stated he was aware of his self-surrender date and the outstanding federal arrest warrant. The United States proffered that, after being apprehended, Defendant asked investigators how they were able to find him and whether they had tracked him using his cell phone.

8. Shortly after Defendant was apprehended, investigators seized a backpack containing large quantities of U.S. Dollars and Mexican Pesos, serialized one-ounce gold bars, multiple payment cards in Defendant's name, and a driver's license bearing a photograph alleged to be of Defendant but bearing an alias other than Defendant's true name, among the many other items depicted in the images provide by the United States.

## II.
## REASONS FOR DETENTION

9. The nature and circumstances of the numerous offenses charged in the indictment including the length and sophistication of the alleged scheme, Defendant's alleged access to and personal use of large amounts of money for illegal means, the nature and amount of the losses suffered and the potential for financial losses to more victims if Defendant is released pending trial, demonstrate Defendant is both a serious flight risk and an economic danger to the community.

10. Although the least important factor to the Court's decision, the weight of the evidence is strong and when taken together with the significant custodial sentence Defendant faces if convicted, the Court finds Defendant has a serious incentive to flee.

11. The Court finds the proffered evidence of Defendant's knowledge of the investigation and arrest warrant, Defendant's failure to self-surrender as agreed, Defendant's alleged questioning of investigators regarding how they were able to find him clearly demonstrate a prior attempt to evade law enforcement. Further, Defendant's alleged possession of multiple documents containing an alias matching a driver's license but bearing Defendant's photograph in the same backpack as large quantities of cash, gold, and other items Defendant could use to flee prosecution all serve to further support the Court's finding that Defendant is a serious flight risk.

12. Based on the foregoing and the entire record before the Court, the Court finds the United States has shown by a preponderance of the evidence that the Defendant poses a

serious risk of flight, and by clear and convincing evidence that the Defendant poses an economic danger to the community.

## III.

## ORDER

IT IS HEREBY ORDERED that Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that Defendant be committed to the custody of the Attorney General or the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by counsel for the defense and for the United States.

**IT IS SO ORDERED.**

DATED: Oct. 24, 2022

HON. DANIEL E. BUTCHER
United States Magistrate Judge